## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL-AZIZ BUNYAMINU, | : | CIVIL ACTION |
| | : | |
| **Plaintiff** | : | |
| | : | **No:** |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE POLICE | : | |
| ACADEMY | : | |
| | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT AND JURY DEMAND

### I.   INTRODUCTION

Plaintiff, Abdul-Aziz Bunyaminu, claims of Defendant, Pennsylvania State Police Academy, a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.     This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2.     This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and intentional discrimination and retaliation with respect to compensation, terms, conditions, and privileges of employment by the Defendant, based on his religion (Muslim).  Plaintiff also asserts a discrimination and retaliation claim under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq. ("PHRA").

## II.     JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.      The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.      The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6.      All conditions precedent to the institution of this suit have been fulfilled. On August 11, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.  An action was filed by the Plaintiff within ninety (90) days of receipt of said notice.  The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.    PARTIES

7.      Plaintiff, Abdul-Aziz Bunyaminu, is an adult individual and citizen of the State of Connecticut and resides therein at 91 North Street, Hamden, Connecticut.

8.      Defendant, Pennsylvania State Police Academy, was and is now a duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 175 Hershey Park Drive, Hershey, Pennsylvania.

9.      At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were authorized and acting within the scope of their

authority, course of employment, and under the direct control of said Defendant.

10.   At all times material herein, Defendants have been a "person" and "employer" as defined under Title VII and the PHRA, and is subject to the provisions of each said Act.

## IV.   STATEMENT OF CLAIMS

11.   Plaintiff was accepted by the Defendant, Pennsylvania State Police Academy as a Candidate for State Trooper on or about September of 2018.

12.   In order to become a State Trooper in Pennsylvania, it is necessary for cadets to complete a program of training and education with Defendant, Pennsylvania State Police Academy.

13.   Plaintiff commenced training in or about October, 2018, and was the only cadet who was Muslim and a Black.

14.   As a Muslim, Plaintiff is required to adhere to specific dietary restrictions which include a prohibition upon the consumption of pork products and of food prepared upon cooking equipment also touched by pork products.

15.   Shortly after Plaintiffs arrival at the Academy, he contacted Lt. Leo P. Hegarty, the Commander of the Education, Testing, and Curriculum Development Section, and requested, and was granted a religious accommodation for his religious dietary restrictions.   Pursuant to his request for accommodation, the Defendant's kitchen staff was directed to prepare special meals for his consumption.

16.   In connection thereto, Lt. Hegarty arranged with kitchen staff for Plaintiff to be provided with grilled chicken, which Plaintiff then incorporated into salads and wraps. On the days upon which Plaintiff was assigned to attend training offsite, he would

receive a bag lunch which was specially prepared by the cafeteria staff.

17.    Due to the frequency with which pork products were included in the bags provided to Plaintiff for lunches offsite, the staff instructed Plaintiff that on days upon which Plaintiff would be offsite, that he was to come in prior to his departure and prepare a grilled chicken salad for himself.  Upon information and belief, Defendant's chain of command was aware that Plaintiff was supposed to receive religiously appropriate meals in this manner.

18.    On or about July of 2019, Plaintiff was requested to respond to a disciplinary allegation that he had (1) failed to observe morning colors on Monday, July 8, 2019 and (2) skipped his morning duties (gym maintenance) one occasion in the morning during the week of June 23-29.

19.    Plaintiff denied any wrongdoing and responded on July 8, 2019, that he was observing morning colors on the loading dock along with other cadets assigned to kitchen duties because he was in the kitchen obtaining his accommodated meal in advance of scheduled 7 a.m. departure time. This particular offsite activity was the first activity in which Plaintiff's departure was scheduled for that early in the morning, creating a  conflict between his ability to avail himself of his accommodation and attend morning colors in the front of the building.

20.    On previous dates upon which offsite activity had been scheduled, the planned departure time was later in the morning, thus allowing Plaintiff to attend morning colors in the front of the building and subsequently obtain his accommodated meal.

21.     Plaintiff was never provided any guidance or instruction by his superiors as to how to successfully resolve this conflict.  In fact, the half-hour before his departure was the first and only available time for Plaintiff to obtain an accommodated boxed lunch prior to departure, because Plaintiff had just returned from the Independence Day weekend (during which time the kitchen was closed).

22.     As to the second allegation, Plaintiff responded that the allegations being made against him were also false. To demonstrate its falsity, Plaintiff's response included a correspondence from janitorial staff verifying his presence at the gym and specifying that they had recalled interacting with him regarding chemical spray bottles on the date in question.  Plaintiff also informed Defendant that his roommate would provide first-hand testimony absolving him from any wrongdoing.

23.     Following the submission of his response, Plaintiff attended a meeting with Academy disciplinary officials, at which time Plaintiff complained that that he was not being allowed to avail himself of his religious accommodation.  In response, Defendant's officials disparaged his religious accommodation.

24.     Despite the Plaintiff's protestations that he was being disciplined for his religious accommodation, and the significant exculpatory evidence demonstrating his presence at morning duties, the Defendant nonetheless terminated Plaintiff as a cadet from the Academy on July 19, 2019.

## COUNT I
### (TITLE VII)
### Religious Discrimination/Retaliation

25.     Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint fully set forth at length herein.

26.     The actions of the Defendant through its agents, servants, and employees, in subjecting the Plaintiff to discrimination on the basis of his religion (Muslim) by denying him accommodation and in terminating him as a Cadet from the Academy because of his religion (Muslim) and in retaliation for opposing discrimination, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

27.     The Defendant's acts of discrimination as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

28.     As a direct result of Defendant's willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (PHRA)
### Religious Discrimination/Retaliation

29.     Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

30.     The actions of the Defendant, through its agents, servants, and employees, in subjecting the Plaintiff to discrimination on the basis of his religion (Muslim) by denying reasonable accommodation and by terminating Plaintiff from the Academy solely because of his religion (Muslim), and in retaliation for opposing discrimination as aforesaid, constituted a violation of the PHRA.

31.     Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

32.     As a direct result of Defendant's willful and unlawful actions in violation of the PHRA the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

33.     Plaintiff repeats the allegations of paragraph 1 through 32 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against  Defendant and order that:

(a)     Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)     Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c)     Defendant pay to Plaintiff punitive damages (under Title VII) pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)     The Court award such other relief as is deemed just and proper.

- 7 -

## JURY DEMAND

Plaintiff demands trial by jury.

LOVITZ LAW FIRM, P.C.

By:_____
      KEVIN I. LOVITZ, ESQUIRE
      ID # 70184
      1650 Market Street, 36th Floor
      Philadelphia, PA 19103
      (215) 735-1996 Phone
      (215) 735-1515 Fax
      Attorney for Plaintiff, Abdul-Aziz Bunyaminu